UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MERCHANTS MUTUAL INSURANCE COMPANY,

                    Plaintiff,

- against -

NORGUARD INSURANCE COMPANY,

                    Defendant.

Docket No.: 21 CV 5381 (GRB) (ARL)

**ANSWER**

Defendant NorGUARD Insurance Company ("NorGUARD"), by and through its attorneys Lazare Potter Giacovas & Moyle LLP, hereby answers Plaintiff Merchants Mutual Insurance Company's ("Plaintiff" or "Merchants") Complaint (the "Complaint") as follows:

1. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 3, 4, 5, 6, 7, 8, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 25 and 32 of the Complaint.

2. Denies the allegations contained in paragraph 2 of the Complaint, except admits that NorGUARD is a Pennsylvania corporation licensed to transact business in the State of New York with a principal place of business in Wilkes Barre, Pennsylvania, and denies all remaining allegations.

3. Denies the allegations contained in paragraphs 9, 10, 11 and 12 of the Complaint, except admits that NorGUARD issued a policy (the "NorGUARD Policy") to Swan Lake Caterers LLC ("SL Caterers"), respectfully refers the Court to the NorGUARD Policy for its full terms, conditions, insureds, exclusions, forms, endorsements and any effect thereof, and denies all remaining allegations.

4. Denies the allegations contained in paragraphs 24, 26, 27 and 28 of the Complaint, except admits that NorGUARD received correspondence on behalf of Swan Lake Golf Corp. ("SL Golf"), and respectfully refers the Court to said correspondence for their full and true meaning and content.

5. Denies the allegations contained in paragraphs 29 and 30 of the Complaint, except admits that NorGUARD responded to correspondence sent on behalf of SL Golf, and respectfully refers the Court to said correspondence for their full and true meaning and content.

6. Denies the allegations contained in paragraph 31 of the Complaint.

**AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION**

7. In response to paragraph 33 of the Complaint, NorGUARD repeats and reiterates each and every response to the prior paragraphs of the Complaint as if fully set forth herein.

8. Admits the allegations contained in paragraphs 34 and 36 of the Complaint.

9. Denies the allegations contained in paragraph 35 of the Complaint, and respectfully refers the Court to the NorGUARD Policy for its full terms, conditions, insureds, exclusions, forms, endorsements and any effect thereof.

10. Denies the allegations contained in paragraphs 37, 38 and 39 of the Complaint.

**AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION**

11. In response to paragraph 40 of the Complaint, NorGUARD repeats and reiterates each and every response to the prior paragraphs of the Complaint as if fully set forth herein.

12. Denies knowledge and information sufficient to form a belief as to the allegations contained in paragraphs 41, 42 and 43 of the Complaint.

13. Denies the allegations contained in paragraphs 44 and 45 of the Complaint.

**AS AND FOR A RESPONSE TO THE THIRD CAUSE OF ACTION**

14. In response to paragraph 46 of the Complaint, NorGUARD repeats and reiterates each and every response to the prior paragraphs of the Complaint as if fully set forth herein.

15. Denies the allegations contained in paragraph 47 of the Complaint and respectfully refers the Court to the NorGUARD Policy for its full terms, conditions, insureds, exclusions, forms, endorsements and any effect thereof.

16. Denies the allegations contained in paragraphs 48, 49 and 50 of the Complaint.

**AS AND FOR A RESPONSE TO THE FOURTH CAUSE OF ACTION**

17. In response to paragraph 51 of the Complaint, NorGUARD repeats and reiterates each and every response to the prior paragraphs of the Complaint as if fully set forth herein.

18. Denies the allegations contained in paragraphs 52, 53 and 54 of the Complaint and respectfully refers the Court to the NorGUARD Policy and Merchant's policy for their full terms, conditions, insureds, exclusions, forms, endorsements and any effect thereof.

19. Denies the allegations contained in paragraph 55 Complaint.

**AS AND FOR A FIRST DEFENSE**

20. Plaintiff has failed to state any claim or cause of action for which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

21. Plaintiff's claims are barred, upon information and belief, by laches, waiver and/or estoppel.

**AS AND FOR A THIRD DEFENSE**

22. Plaintiff's claims should be dismissed based on defenses founded upon documentary evidence.

### AS AND FOR A FOURTH DEFENSE

23. Upon information and belief, Plaintiff has failed to mitigate its alleged damages.

### AS AND FOR A FIFTH DEFENSE

24. The NorGUARD Policy, as amended, provides as follows:

*Section II – Liability, E. Liability And Medical Expense General Conditions is amended as follows:*

*1. Under **2., Duties In The Event Of Occurrence, Offense, Claim Or Suit**, Paragraphs e. and f. are added as follows:*

*e. If we cover a claim or "suit" under this coverage that may also be covered by other valid and collectible insurance available to an additional insured, such insurance if any, shall be primary, and such additional insured must submit such claim or suit to the other insurer for defense and indemnity.*

25. Even if and to the extent NorGUARD has a duty to defend SL Golf under the NorGUARD Policy, NorGUARD's obligation to SL Golf would be excess to that of Merchants as Merchant's obligation to its insured would be primary as set forth above.

### AS AND FOR A SIXTH DEFENSE

26. Even if and to the extent NorGUARD has a duty to defend SL Golf under the NorGUARD Policy, any such obligation is at most as a co-insurer with Merchants as the policies' respective other insurance clauses both purport to be excess and, under applicable New York law, would both provide equal co-insurance to SL Golf on a co-primary basis.

### AS AND FOR A SEVENTH DEFENSE

27. Even if NorGUARD had an obligation to reimburse legal fees or expenses incurred by SL Golf in its defense in the underlying actions, NorGUARD would only be responsible, at most, for its share of said fees and expenses reasonably incurred in the defense of SL Golf from the date of tender.

### AS AND FOR AN EIGHTH DEFENSE

28. The NorGUARD Policy contains an Additional Insured – Managers or Lessors of Premises endorsement, which includes SL Golf as an additional insured and provides as follows:

*A. The following is added to Paragraph C. Who Is An Insured in Section II – Liability:*

**3.** *The person or organization shown in the Schedule is also an insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule.*

**B.** *The following exclusions are added to* **Section II – Liability:**

*This insurance does not apply to:*

**1.** *Any "occurrence" that takes place after you cease to be a tenant in the premises described in the Schedule.*

**2.** *Structural alterations, new construction or demolition operations performed by or for the person or organization designated in the Schedule.*

29. SL Golf would only be an insured with respect to "liability arising out of the ownership, maintenance or use of that part of the premises leased to [SL Caterers] and shown in the Schedule." If and to the extent this provision is not triggered, NorGUARD would have no duty to defend or indemnify SL Golf as an additional insured under the NorGUARD Policy.

### AS AND FOR A NINTH DEFENSE

30. The Complaint should be dismissed if and to the extent Plaintiff failed to name and/or join all necessary parties to this action.

### AS AND FOR A TENTH DEFENSE

31. Even if NorGUARD had an obligation to SL Golf under the NorGUARD Policy, under no circumstances would SL Golf be entitled to payments beyond that permitted by the terms, conditions and procedures set forth in any of the NorGUARD Policy's limits or sub-limits or any similar provisions.

## AS AND FOR AN ELEVENTH DEFENSE

32. Any coverage afforded by the NorGUARD Policy would be subject to any and all deductibles, retained limits, retentions, self-insured retention and/or other limits as stated in the Policy.

## AS AND FOR A TWELFTH DEFENSE

33. NorGUARD reserves the right to assert additional defenses (policy based or otherwise) upon receipt and review of all documents and other materials or information relevant to this matter.

WHEREFORE, NorGUARD demands judgment as follows:

a. dismissing the Complaint in its entirety;

b. determining the priority of coverage as between NorGUARD and Merchants for SL Golf in the underlying actions;

c. awarding NorGUARD its expenses and costs; and

d. awarding NorGUARD such other and further relief as the Court otherwise deems just and proper.

Dated: New York, New York
       November 16, 2021

LAZARE POTTER GIACOVAS & MOYLE LLP

By: ___s/yale glazer_____
       Yale Glazer
Attorneys for Defendant NorGUARD Insurance Company
747 Third Avenue, 16th Floor
New York, New York 10017
Telephone: (212) 758-9300
Fax: (212) 888-0919
Email: yglazer@lpgmlaw.com

TO: Brian D. Barnas, Esq.
Hurwitz & Fine, P.C.
1300 Liberty Building
Buffalo, New York 14202
(716) 849-8900
Attorneys for Plaintiff
(via ECF)

7